UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH KINGREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00198-JPH-DLP |
| | ) | |
| KAYLA MCDONALD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AMENDED COMPLAINT, DENYING DEFENDANTS' MOTION
TO DISMISS, AND DIRECTING FURTHER PROCEEDINGS**

### I.  Leave to Amend

The pretrial schedule issued on December 14, 2020 set a deadline of March 5, 2021 for amended pleadings. Dkt. 18 at 3. In accordance with that Order, plaintiff Joseph Kingrey was directed to file a motion for leave to amend with any proposed amended complaint explaining the difference between the complaints. *Id.* Nonetheless, Mr. Kingrey filed an amended complaint without seeking leave to do so or providing an explanation of any proposed changes. Dkt. 19. Rather than directing Mr. Kingrey to file a motion for leave to amend and re-file his proposed amended complaint, in the interest of time, the Court will treat the amended complaint as properly filed. **Mr. Kingrey is reminded to comply with the directions set forth in the pretrial schedule in the future.**

Mr. Kingrey is incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana. Because Mr. Kingrey is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint.

1

## II. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the second amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the second amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III. Procedural History

Mr. Kingrey's original complaint, dkt. 1, alleged that defendants Nurse Kayla McDonald, and Nurse Samantha Dawdy failed to provide him medical treatment after he was injured by unnamed officers on January 23, 2020. Based on these allegations, the Court identified plausible Eighth Amendment medical deliberate indifference claims against these two defendants when it screened the original complaint on November 10, 2020. *See* dkt. 10. All remaining claims were dismissed. *Id.* The clerk issued process to Nurse McDonald and Nurse Dawdy that same day. *See* dkt. 11. Nurse McDonald and Nurse Dawdy have appeared in the action and answered Mr. Kingrey's original complaint. *See* dkts. 13–17.

## IV. The Amended Complaint

Mr. Kingrey's amended complaint, dkt. 19, describes the same January 23, 2020 incident as detailed in his original complaint. The amended complaint does not set forth any new, material allegations except to specify Correctional Officer Williams, Correctional Officer Brewer, and Sergeant Barnard as the individuals who all either used excessive force or failed to intervene in their fellow officers' alleged use of it on January 23, 2020. *See* dkt. 72. Therefore, the action **shall continue to proceed** with Eighth Amendment claims against Nurse McDonald and Nurse Dawdy pursuant to 42 U.S.C. § 1983 based on Mr. Kingrey's allegations that they failed to provide him medical treatment. Additionally, the action **shall proceed** with Eighth Amendment excessive force or failure-to-intervene claims against Correctional Officers Williams and Brewer, and Sgt. Barnard.

## V. Further Proceedings

The clerk **is directed** to add Correctional Officer Williams, Correctional Officer Brewer, and Sergeant Barnard as additional defendants. The **clerk is also directed** to update the defendant's name "Nurse Samantha" to Samantha Dawdy, R.N. *See* dkt. 17. Because Kayla McDonald and Samantha Dawdy have appeared in the action, they have received service of the amended complaint (and they will receive service of this Entry) through the docket. Defendants **shall respond** to the amended complaint in the time provided by Federal Rule of Civil Procedure 15(a)(3). Consistent with this Entry, the defendants' motion to dismiss Mr. Kingrey's complaint, dkt. [20], is **denied**.

**SO ORDERED.**

Date: 3/18/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

JOSEPH KINGREY
260003
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com

Electronic Service to IDOC Employees:

       Correctional Officer Brewer
       Correctional Officer Williams
       Sergeant Barnard

       All at Wabash Valley Correctional Facility